UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KAREN MACALUSO,
INDIVIDUALLY AND AS THE
PERSONAL REPRESENTATIVE OF
THE ESTATE OF JOSEPHINE GALIANO                                  CIVIL ACTION

VERSUS                                                                                                  No. 16-3673

BRISTOL-MYERS SQUIBB ET AL.                                                   SECTION I

### ORDER AND REASONS

Before the Court is defendants' motion[1] to dismiss and for a more definite statement. The Court recently resolved a substantively identical motion in another case pending before it, one involving the same defendants as this case and all of the same lawyers. *See Huffman v. Bristol-Myers Squibb et al.*, Civil Action No. 16-3714, R. Doc. No. 27. In fact, the only difference worth noting between this case and *Huffman* in terms of the legal issues raised by defendants' motion is that in this case the plaintiff is suing individually and in a representative capacity on behalf of Josephine Galiano, who allegedly died as the result of defendants' product. Compl. ¶¶ 4, 13.

It follows that the result in *Huffman* should also govern here. Accordingly, for the same reasons provided in this Court's order and reasons in the *Huffman* case,[2]

---

[1] R. Doc. No. 14.
[2] *Huffman v. Bristol-Myers Squibb et al.*, Civil Action No. 16-3714, R. Doc. No. 27.

**IT IS ORDERED** that defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** as set forth herein. Plaintiff has leave to file an amended complaint addressing the present infirmities with the failure to warn claim no later than **October 26, 2016**. Should defendants still contend that any amended complaint does not plead causation on the failure to warn claim, defendants may file a motion to dismiss the claim on such grounds no later than **November 4, 2016**. Should defendants do so, plaintiff shall respond no later than **November 14, 2016**, at which point the Court will take the motion under submission.

**IT IS ORDERED** that defendants' motion for a more definite statement is **GRANTED.** No later than **October 26, 2016**, plaintiff shall file an amended complaint specifying (1) when the decedent was injured by Eliquis, and (2) when the decedent became aware of her injuries. Should defendants contend that dismissal on prescription grounds is appropriate based on the pleadings, defendants shall so move no later than **November 4, 2016**.[3] Should defendants do so, plaintiff shall respond no later than **November 14, 2016**, at which point the Court will take the motion under submission.

New Orleans, Louisiana, October 18, 2016.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[3] To be clear, failure to so move would not waive the ability to timely move for summary judgment on the issue provided that any such defense is raised in the answer.